Chen v. Holder

BIA
Rohan, IJ
A097 524 071

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of August, two thousand fourteen.

PRESENT:
> JOHN M. WALKER, JR.,
> ROSEMARY S. POOLER,
> REENA RAGGI,
> *Circuit Judges.*

_____

CHENG CHEN,
> *Petitioner,*

v.                                          12-2867
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Khagendra Gharti-Chhetry, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Principal Deputy Assistant Attorney General; Eric W. Marsteller, Senior Litigation Counsel; John B. Holt, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Cheng Chen, a native and citizen of the People's Republic of China, seeks review of a June 22, 2012, order of the BIA affirming in part the June 17, 2010, decision of Immigration Judge ("IJ") Patricia A. Rohan, which denied Chen's application for asylum and withholding of removal, and reversed in part the IJ's grant of relief under the Convention Against Torture ("CAT"). *In re Cheng Chen*, No. A097 524 071 (B.I.A. June 22, 2012), *aff'g* and *rev'g* No. A097 524 071 (Immig. Ct. N.Y. City June 17, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Pursuant to 8 U.S.C. § 1252(a)(2)(C), we lack jurisdiction to review final orders of removal against an alien, such as Chen, who is removable

by reason of having committed an aggravated felony. However, because Chen's arguments raise "questions of law," we retain jurisdiction over his petition. 8 U.S.C. § 1252(a)(2)(D); *see Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329-30 (2d Cir. 2006).

Initially, Chen challenges the agency's pretermission of withholding of removal, contending that the agency erred in not separately analyzing whether he was a danger to the community when making the discretionary determination that his 2007 conviction for assault with a dangerous weapon in aid of racketeering activity, *see* 18 U.S.C. § 1959(a)(3), was a particularly serious crime. Chen's argument, however, is foreclosed by our decision in *Ahmetovic v. Immigration & Naturalization Service*, 62 F.3d 48 (2d Cir. 1995), which accorded *Chevron* deference to the BIA's interpretation that no separate danger to the community analysis is required where a crime is found to be particularly serious. *See id.* at 52-53.

Chen also challenges the BIA's denial of CAT deferral, contending that the BIA mischaracterized the IJ's factual assessment of the background evidence and applied the wrong legal standard in finding that the IJ's grant of CAT relief

3

was clearly erroneous. However, contrary to Chen's assertion, the BIA properly applied the clear error standard of review to the IJ's findings of future fact because its reversal was based not on a *de novo* review of the record, but rather on a determination that the record did not support the IJ's conclusion that Chen faced probable future torture. *See Hui Lin Huang v. Holder*, 677 F.3d 130, 134 (2d Cir. 2012) (noting that the BIA may reject finding of future fact as clearly erroneous "where the IJ lacks an adequate basis in the record for the determination that a future event will, or is likely to, occur").

The BIA correctly noted that the probability of Chen being discovered and detained for his future practice of Falun Gong in China and the probability that Chen would be tortured once detained are distinct factual propositions. In these circumstances, we have recognized that "[a]n alien will never be able to show that he faces a more likely than not chance of torture if one link in the chain cannot be shown to be more likely than not to occur." *Savchuck v. Mukasey*, 518 F.3d 119, 123-24 (2d Cir. 2008). Although the IJ relied on particularized evidence demonstrating that Falun Gong practitioners like Chen are subject to torture in

4

China once detained—a finding that the BIA credited—the BIA nevertheless reasonably determined that the IJ's finding that Chen would be discovered and detained for his practice of Falun Gong in China was clearly erroneous because it was not based on any particularized evidence. *See Hui Lin Huang*, 677 F.3d at 133-34; *see also Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159-60 (2d Cir. 2005) (requiring particularized evidence of a likelihood of torture to establish eligibility for CAT relief); *cf. Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (finding that, absent "solid support in the record," a fear of future harm is "speculative at best").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5